JOHN F. BOYNTON *vs.* WILLIAM H. LIBBY.

*R. S., c.* 111, § 5.   *Conditional sale—where note is given for price.*

The plaintiff sold a wagon, for which he was partly paid at the time of sale, with an agreement that it was to remain his property till the price was fully paid. He subsequently asked for and received his vendee's unconditional note, in ordinary form, for the unpaid balance of the purchase-money : *held,* under R. S., c. 111, § 5, that the vendor no longer had any title to the wagon.

ON REPORT.

REPLEVIN of a wagon, which was sold by the plaintiff to Denham Campbell March 28, 1872, for ninety dollars, of which $25 were paid at the time the trade was made, and it was verbally agreed that the wagon should remain the property of Boynton, till the rest of the price was paid. The bargain and the $25 payment were made in the road at a distance from the place where the wagon was. The next morning, under express permission of the seller, Campbell went over to Boynton's shed, and took the wagon and rode in it to Augusta, where he met Mr. Boynton, who then said to him that there should be some writing given, to show that sixty-five dollars were still due for the wagon. Accordingly, they went into a neighboring store, where a note for that amount was written at Boynton's request, executed and delivered by Campbell to the plaintiff. Thereafterward the wagon remained in Campbell's possession, and was used by him, till April 24, 1872, when it was attached by the defendant, as a deputy-sheriff, upon writs in favor of Gardiner and Moody against Campbell. The defendant admitted the taking, and justified under those precepts. The court were to render such judgment as the law upon these facts requires.

*L. Clay,* for the plaintiff.

The note was not given for the wagon ; nor was it any part of the original agreement at the time of the sale and delivery. It was merely taken as a convenient mode of verifying the fact that

$65 of the price remained unpaid. It was not given, or taken, as payment of that sum ; nor will this be presumed when it is apparent, as here, that the creditor had better security, and took the note in ignorance that it could injuriously affect his legal rights.

*S. Lancaster*, for the defendant.

APPLETON, C. J. This is replevin for a wagon. March 28, 1872, the plaintiff sold the wagon in dispute to one Campbell for ninety dollars. He received twenty-five dollars in part payment, and was to hold the wagon until the residue was paid.

It has been held in repeated decisions of this court, that when the sale is conditional, the title to remain in the seller until the price is paid, that no title passes to the purchaser until payment.

In the present case, the plaintiff, not being satisfied with this condition of things, met Campbell and informed him that he wanted something to show that sixty-five dollars was due. Accordingly, Campbell gave him his note for that amount. Campbell then had the wagon. The plaintiff had his note for the balance due.

By R. S., c. 111, § 5, it is provided that "no agreement that personal property bargained and delivered to another, for which a note is given, shall remain the property of the payee till the note is paid, is valid, unless it is made and signed as a part of the note; nor when it is so made and signed in a note for more than thirty dollars, unless it is recorded like mortgages of personal property."

The note of sixty-five dollars was for the amount due for the wagon. It was evidence of indebtedness. It was given for the same purpose for which notes are usually given. It has since been paid.

Whatever might be the rights of the plaintiff as a conditional vendor, without any note or other evidence of indebtedness, those rights have ceased, for he no longer holds that relation to his vendee. The plaintiff has sold his wagon. He has the cash payment and a note therefor. The note does not refer to the wagon. The

verbal agreement, that it should remain the property of the plain-tiff until paid, is not made a part of the note. The agreement, that it should so rémain, by the express terms of the statute, is not valid. To sanction the claim made by the plaintiff, would be practically to repeal the statute. *Plaintiff nonsuit.*

*Return ordered.*

CUTTING, DICKERSON, BARROWS, DANFORTH and VIRGIN, JJ., concurred.